IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:12CR224 |
| | ) | |
| GILBERTO RAMOS | ) | The Honorable Gerald Bruce lee |
|    a.k.a. Gilbert Ramos, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF GOVERNMENT'S MOTION FOR
<u>ENTRY OF A 90-DAY PRE-INDICTMENT RESTRAINING ORDER</u>

The United States of America, by Neil H. MacBride, United States Attorney for the Eastern District of Virginia, and Michael P. Ben'Ary, Assistant United States Attorney and Elizabeth N. Eriksen, Special Assistant United States Attorney, submit the following memorandum of points and authorities in support of the Government's motion for entry of a 90-day pre-indictment restraining order, pursuant to 21 U.S.C. § 853(e)(1)(B), against the property of Gilberto Ramos, up to the aggregate amount of $6 million, because there is a substantial probability that Gilberto Ramos will be indicted and convicted on multiple criminal violations, and unless his property continues to be restrained it will be destroyed, removed from the jurisdiction of the court or otherwise made unavailable for forfeiture.  In this matter, the need of the Government to preserve the availability of the property for forfeiture upon the conviction of Gilberto Ramos outweighs the hardship on him or any third party.

<u>INTRODUCTION</u>

On May 24, 2012, a grand jury sitting in this district returned an indictment against Gilberto Ramos for participation in a conspiracy to distribute five kilograms or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Dkt.#1). This indictment did not include a forfeiture notice.  Therefore, the government within 90 days will seek a superseding indictment that charges the same drug violations and includes a forfeiture

notice. If convicted of the criminal drug violations charged in the superseding indictment, all property owned, directly or indirectly, by any convicted co-conspirator will be subject to forfeiture up to an aggregate amount of $6 million pursuant to 21 U.S.C. § 853(a), which provides for the forfeiture of any property constituting, or derived from, any proceeds obtained directly or indirectly, as a result of a violation of 21 U.S.C. § 841(a)(1), and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation. Any property that is a substitute for such property is also subject to forfeiture pursuant to 21 U.S.C. § 853(p) if the directly forfeitable property cannot be located upon due diligence, has been transferred to a third party, placed beyond the court's jurisdiction, substantially diminished in value, or commingled with other property which cannot be easily divided.

On May 25, 2012, a 14-day restraining order was entered against the properties of Gilberto Ramos that are subject to criminal forfeiture upon his conviction.[1]

The purpose of this requested 90-day pre-indictment restraining order is to maintain the *status quo* of the property subject to forfeiture until the Government's investigation can be completed and a criminal forfeiture action can be commenced against the properties upon the conviction of Gilberto Ramos.

A.   <u>Statutory Basis for Forfeiture</u>

If convicted of a conspiracy to distribute five kilograms or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846 the relevant provisions of the criminal forfeiture statute, 21 U.S.C. § 853, are as follows:

> <u>21 U.S.C. § 853</u>  - *Criminal forfeitures*
>
> (a)   *Property subject to criminal forfeiture*
>
> > Any person convicted of a violation of this subchapter [Offenses and Penalties] or subchapter II [Import and Export] of this chapter [Drug Abuse Prevention and Control] punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law
>
> (1)   any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

---

[1] *United States v. Gilberto Ramos*, 1:12-mj-327.

  (2)  any of the person's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of, such violation; ....

The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed ... that the person forfeit to the United States all property described in this subsection ....

 (p) *Forfeiture of Substitute Property*
 (1) *In General*

  Paragraph (2) of the subsection shall apply, if any property described in subsection (a) [criminal forfeitures], as a result of any act or omission of the defendant--

  (A) cannot be located upon the exercise of due diligence;
  (B) has been transferred or sold to, or deposited with, a third party;
  (C) has been placed beyond the jurisdiction of the court;
  (D) has been substantially diminished in value; or
  (E) has been commingled with other property which cannot be divided without difficulty.

 (2) *Substitute Property*

  In any case described in any of subparagraph (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

 B. <u>Statutory Basis for 90-Day Pre-Indictment Restraining Order</u>

The Court may enter a 90-day pre-indictment restraining order to preserve the availability of all property of the defendant pending criminal conviction, up to the total amount subject to forfeiture, pursuant to the relevant provisions of the criminal forfeiture statute, 21 U.S.C. § 853, as follows:

 <u>21 U.S.C. 853(e)</u> - *Protective Orders*

 (1) Upon application of the United States, the court may enter a restraining order ... or take any other action to preserve the availability of property described in section (a)[Property subject to criminal forfeiture] of this section [Offenses and Penalties] for forfeiture under this section; --

 (B) prior to the filing of such an indictment or information, if, after notice to persons appearing to have an interest in the property and opportunity for a hearing, the court determines that –

  (i) there is a substantial probability that the United States will prevail on the issue of forfeiture, and that failure to enter the

3

                order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture; and

    (ii)    the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered:

*Provided however,* That an order entered pursuant to subparagraph (B) shall be effective for not more than ninety days, unless extended by the court for good cause shown or unless an indictment or information ... has been filed.

C.    <u>Properties Subject to Pre-Indictment Restraint</u>

All property of Gilberto Ramos is restrained up to the aggregate net amount of $6 million, including but not limited to all funds in Lockheed Federal Credit Union Account No. 407089700-09, held in the name Gilbert Ramos.

D.    <u>Terms of 90-Day Pre-Indictment Restraining Order</u>

1. The United States requests that the Court restrain, prohibit, and enjoin Gilberto Ramos and his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, and anyone and any institution holding property, both real or personal (including bank accounts), for any one of them, from spending, selling, transferring, assigning, encumbering or otherwise attempting or completing any action that would affect or diminish the marketability or value of such property or assets without prior approval of this Court and prior notice and an opportunity for the United States to be heard, or in the alternative, without the prior written approval of the United States.

2. To the extent that Gilberto Ramos establishes to this Court's satisfaction that the United States has restrained property valued at more than $6 million, any property exceeding that amount need not be restrained.

3. The United States further requests the Court direct that in the event Gilberto Ramos desires to transfer, convey, liquidate or encumber any such property, and if the United States consents to such transfer, the transfer may be made upon condition that all sale proceeds not released with the written consent of the United States shall be placed in escrow in an account

4

approved by counsel for the United States. And in the event that forfeiture is ultimately ordered, any funds held in escrow shall be substituted for the all property forfeited, and such funds held in escrow shall also be available to satisfy an order forfeiting substitute assets, pursuant to 21 U.S.C. § 853(p).

    4. In the event that any of the property listed in the 90-day pre-indictment restraining order has been transferred or disposed of by any means, the United States requests an order that directs the involved individuals to account to the Court for the disposition and location of such assets and which restrains the further transfer or disposition of the proceeds from said property.

    5. Pursuant to 21 U.S.C. § 853(e)(1), this Court may take *any* action to preserve the availability of forfeitable property. Thus, we request that Gilberto Ramos be ordered to identify all his assets, domestic and foreign.

    This requested 90-day pre-indictment restraining order is the only means of ensuring that all property of Gilberto Ramos that is sought in the indictment will be available for criminal forfeiture upon his conviction. Moreover, district courts have jurisdiction, pursuant to 21 U.S.C. § 853(e)(l), to enter forfeiture related orders, such as the 90-day pre-indictment restraining order sought here, without regard to the location of the property.

ARGUMENT

    The previously filed affidavit of Special Agent (SA) Timothy D. McGrath, DEA, summarizes the investigation of Gilberto Ramos and establishes probable cause that a conspiracy to distribute five kilograms or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846 occurred. It further establishes probable cause to believe that Gilberto Ramos and his co-conspirators received at least $6 million in illegal proceeds from the conspiracy and that he has an interest in the property that is subject to forfeiture and listed in the proposed 90-day pre-indictment restraining order.

    Absent a 90-day pre-indictment restraining order, there is a substantial probability that the property subject to forfeiture will be secreted or moved outside the jurisdiction of this Court

5

before the property can be criminally forfeited. Accordingly, the Court should enter the proposed 90-day pre-indictment restraining order to ensure that all the assets up to $ 6 million, are available for the criminal forfeiture that will be sought in the indictment charging Gilberto Ramos.

I.

Authority For Pre-Indictment Restraining Order Is Statutory

Authority for the Court to order a 90-day pre-indictment restraint of Gilberto Ramos's property, domestic and foreign, up to $6 million that is subject to forfeiture is provided by 21 U.S.C. § 853(e)(1)(B), which is made applicable by 21 U.S.C. § 853(a) to the forfeiture of any property constituting, or derived from, proceeds obtained, directly or indirectly, or as property used, or intended to be used, in any manner or part, to commit or to facilitate the conspiracy, in violation of 21 U.S.C. §846, to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).

If any property subject to criminal forfeiture for the above-referenced criminal violations, as a result of the any act or omission of the defendant cannot be located, has been transferred or sold to, or deposited with a third party, or has been placed beyond the jurisdiction of the court, or has been substantially diminished in value, or has been commingled with other property which cannot be divided, then any other property of the defendant up to the value of the property that has been dissipated is also subject to forfeiture, pursuant to 18 U. S.C. § 853(p), and can be restrained under 21 U.S.C. § 853(e)(1)(B).

Section 853(e)(1)(B) empowers the court to issue a 90-day pre-indictment restraining order if after a hearing in which all persons appearing to have an interest in the property are given notice and an opportunity to be heard, the court determines that there is a strong probability that the United States will prevail on the issue of forfeiture, failure to enter an extension of the

restraining order will result in the property being dissipated or removed from the jurisdiction of the court or otherwise made unavailable for forfeiture, and the need to preserve the availability of the property for forfeiture outweighs any hardship on the party against whom the order is entered.

The interest of the United States in property subject to forfeiture vests at the time of the commission of the offense giving rise to forfeiture and the forfeiture cannot be defeated by subsequent transfers or dissipation. See *United States v. Bryson*, 406 F.3d 284, 291 (4th Cir. 2005); *United States v. McHan*, 345 F.3d 262, 272 (4th Cir. 2003); *United States v. Bromwell*, 222 F.Appx. 307, 311 (4th Cir. 2007)(unpublished); *United States v. Ziadeh*, 230 F.Supp. 2d 702, 703 (E.D.Va. 2002); *United States v. Swank Corp.*, 797 F. Supp. 497, 501-502 (E.D. Va. 1992). Accordingly, because of this "relation–back" doctrine, it is logical to permit pre-trial restraints on the alienation of property that may ultimately be forfeited to the United States upon the conviction of its owner.

Indeed, the ability of the Court to impose restraints against persons to prevent the dissipation or removal of a defendant's assets prior to the resolution of criminal forfeiture proceedings is well established. *United States v. Monsanto*, 491 U.S. 600 (1989) (permitting pre-trial restraint of assets intended to be used for attorney's fees); *Bowman Gaskins Financial Group Accounts,* 345 F. Supp. 2d at 606 (any property subject to forfeiture following conviction, including substitute assets, may be restrained pre-indictment under Section 853(e)(2)*); United States v. Bollin*, 264 F.3d 391, 421-422 (4th Cir. 2001); *In re Billman*, 915 F.2d 916, 921 (4th Cir. 1990). Further, the court may restrain not only parties that have been (or likely are to be) indicted, but also unindicted third parties when their connection to the subject assets is established. *Billman*, 915 F.2d at 921-23 (affirming the restraint of assets transferred by fugitive

defendant Billman to claimant McKinney).[2] *See also United States v. Jenkins*, 974 F.2d 32, 36 (5th Cir. 1992); *United States v. Paccione*, 964 F.2d 1269 (2nd Cir. 1992).

In the present action, the United States is seeking the least intrusive method to preserve the *status quo* of Gilberto Ramos's properties by choosing restraint of some of his properties rather than a physical seizure. The entry of a 90-day pre-indictment restraining order under these circumstances does not prejudice any of Gilberto Ramos's due process rights, since absent his waiver, there will be a statutorily mandated opportunity for him to contest the restraint at a hearing before this Court, wherein the Government must show a substantial probability that it will prevail on the issue of forfeiture and that failure to issue an extension of the restraining order will result in the property subject to forfeiture being secreted or dissipated or placed beyond the jurisdiction of this Court, in accordance with 21 U.S.C.§ 853(e)(1)(B)(i). And further, the Government must show that its need to preserve the availability of the property for forfeiture will outweigh any hardship to Gilberto Ramos. 21 U.S.C. § 853(e)(1)(B)(ii).

Given the Congressional determination that criminally-derived property should be forfeited to the United States, it is clear that the public interest lies in preserving this property for forfeiture. *See* S. Rep. No. 225, 98th Cong., 2d Sess. 191, *reprinted in* 1984 U.S.C.C.A.N. at 3182, 3374. As shown in the affidavit, Gilberto Ramos engaged in a conspiracy to distribute cocaine whereby the conspirators obtained approximately $6 million in illegal proceeds. Absent the continued restraint on his properties, there is no way to prevent him from transferring all of his property that is subject to forfeiture outside of the United States and beyond the jurisdiction of this

---

[2] In *Billman*, McKinney was an indicted defendant in this case, but was not charged with the RICO violation that triggered the forfeiture action. As a result, the restrained property could not be criminally forfeited as part of any sentence for McKinney's conviction.

Court. There is a substantial probability that the Government will prevail on the issue of forfeiture and failure to further restrain his property will result in it being unavailable for forfeiture upon conviction, thereby establishing that the Government's need to preserve the availability of the property outweighs any hardship to Gilberto Ramos or any third party.

II.

Substitute Assets Can Be Restrained Pre-Trial for
Forfeiture in Lieu of Actual Illicit Proceeds

In the event of Gilberto Ramos' conviction for conspiracy to distribute cocaine, the United States will be entitled to a judgment of forfeiture of the entire proceeds derived from the illegal activity. This is so regardless of whether those proceeds have since been dissipated. *United States v. McHan*, 101 F.3d 1027, 1041-42 (4th Cir. 1996); *United States v. Moffitt, Zwerling & Kemler, P.C.*, 83 F.3d 660, 669 (4th Cir. 1996) (21 U.S.C. § 853 was designed to enable the United States to track down the proceeds of crime transferred to third parties). One way of collecting such a forfeiture judgment will be through application of the "substitute assets" clause, codified at 21 U.S.C. § 853(p). Through this "substitute asset" provision, the United States may satisfy from such substitute assets an *in personam* money judgment to the extent that the illicit proceeds no longer can be located for forfeiture. *See e.g., United States v. Alamoudi*, 452 F.3d 310 (4th Cir. 2006).

In the event such proceeds are unavailable, the United States obtains what amounts to a personal money judgment against the defendant which can then be satisfied from any of the defendant's assets, including otherwise legitimate assets. *In re Billman*, 915 F.2d 916, 920 (4th Cir. 1990) ("a forfeiture money judgment can be satisfied out of any of the defendant's assets").

Because property that may have been unrelated to criminal proceeds or activity still may be forfeited as fungible for criminal proceeds or as a substitute asset, such property may be restrained pre-trial as well. While other circuits disagree, the Fourth Circuit has repeatedly held that the United States is entitled to a restraining order prior to trial to preserve the availability of substitute assets that may be needed to satisfy any forfeiture judgment that may be entered. *See,*

*e.g., United States v. Bollin*, 264 F.3d 391, 421 (4th Cir. 2001); *In re Billman*, 915 F.2d 916, 921 (4th Cir. 1990). *But see, e.g., In Re Assets of Myles Martin*, 1 F.3d 1351 (3d Cir. 1993); *United States v. Floyd*, 992 F.2d 498 (5th Cir. 1993).

In *Billman*, the Fourth Circuit thoroughly analyzed the pertinent statutory provisions and existing case law, holding that the restraining order provisions of RICO "must be read in conjunction with" the substitute assets provisions of RICO "to preserve the availability of substitute assets pending trial." 915 F.2d at 921. The Court ruled that assets which the RICO defendant had transferred to a third party were properly restrained. The Court also ruled that there was no infringement on the right to counsel, because substitute assets are subject to forfeiture, and under *United States v. Monsanto*, 491 U.S. 600 (1989) and *In re Caplin & Drysdale*, 491 U.S. 617 (1989), there is no infringement of the right to counsel where a pretrial restraint is imposed on substitute assets. *Billman*, 915 F.2d at 922. Accordingly, "it is well-settled in the Fourth Circuit that pretrial restraint of substitute assets is appropriate to preserve those assets for forfeiture ...." *Bowman Gaskins Financial Group*, 345 F. Supp. 2d at 622.

## CONCLUSION

The proposed 90-day pre-indictment restraining order restrains property of Gilberto Ramos, up to an aggregate amount of $6 million that is subject to forfeiture upon his conviction for participating in a conspiracy to distribute cocaine. This restraining order is reasonable because it does not restrain more assets than the United States will become entitled to upon the entry of a judgment of forfeiture.

Any resulting hardship to Gilberto Ramos or to third parties is minimized since the requested 90-day pre-indictment restraining order does not seek seizure of the properties, rather restraint to prevent the assets from being dissipated or removed from the Court's jurisdiction prior to the entry of an indictment and conviction. Thus, the affected parties are not deprived of any

substantial present use or enjoyment of the property, but merely a short term restraint on its alienation. Accordingly, the need to preserve the availability of the property through the entry of the proposed order outweighs the hardship, if any, on any party against whom it is entered.

Should Gilberto Ramos believe the order is overly broad, or bring the Government's attention to the existence of property in excess of $6 million, the Court, after a hearing, may modify the 90-day pre-indictment restraining order as needed. However, in the interim, Gilberto Ramos will be unable to dissipate or alienate the property subject to criminal forfeiture before forfeiture proceedings can be brought against the property upon his conviction.

WHEREFORE, the United States respectfully prays that this Court enter the proposed 90-day pre-indictment restraining order.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: /s/
Michael P. Ben'Ary
Assistant United States Attorney
Elizabeth N. Eriksen
Special Assistant United States Attorney
Attorneys for the United States
United States Attorney's Office
Justin W. Williams U. S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3892
Email: michael.ben'ary2@usdoj.gov
       beth.eriksen@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and a notice of such filing was hand delivered to the defendant at the following:

    Gilbert Ramos, Defendant
    United States District Court
    Central District of California
    312 North Spring Street
    Courtroom D, 8th Floor
    Los Angeles, CA 90012-4701

    /s/
    _____
    Michael P. Ben'Ary
    Assistant United States Attorney
    Elizabeth N. Eriksen
    Special Assistant United States Attorney
    Attorneys for the United States
    United States Attorney's Office
    Justin W. Williams U. S. Attorney's Building
    2100 Jamieson Avenue
    Alexandria, Virginia  22314
    Phone:  703-299-3700
    Fax:  703-299-3982
    Email: michael.ben'ary2@usdoj.gov
    beth.eriksen@usdoj.gov