IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

JUN - 4 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:12CR224 |
| ) | |
| GILBERTO RAMOS, ) | The Honorable Gerald Bruce Lee |
| a.k.a. Gilbert Ramos, ) | |
| ) | |
| Defendant. ) | |

### 90-DAY PRE-INDICTMENT RESTRAINING ORDER

WHEREAS, this matter having come before this Court on the motion of the United States of America for entry of a 90-day pre-indictment restraining order pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(B), which provides courts with jurisdiction to enter restraining orders and take such other action in connection with any property or other interest subject to forfeiture to ensure its availability for forfeiture;

WHEREAS, through the affidavit of Special Agent Special Agent (SA) Timothy D. McGrath, Drug Enforcement Administration, previously filed with the Court, and the facts established at a hearing upon the Government's motion, the United States has established that:

1. There is a substantial probability that the United States will convict Gilberto Ramos of participation in a conspiracy to distribute five kilograms or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846;

2. There is a substantial probability that the United States will establish that up to $6 million of Gilberto Ramos' property will be subject to criminal forfeiture to the United States, pursuant to 21 U.S.C. § 853;

3. There is a substantial probability that failure to enter this pre-indictment restraining order will result in forfeitable property of Gilberto Ramos being destroyed, removed from the jurisdiction of the Court, or otherwise made unavailable for forfeiture; and

4. The need to preserve the availability of the property through entry of this order outweighs the hardship on any party against whom the order is to be entered.

NOW, THEREFORE, PURSUANT TO 21 U.S.C. § 853(e)(1)(B), IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, THAT:

1. All property and assets of Gilberto Ramos are restrained up to the aggregate net amount of $6 million, including, but not limited to all funds in Lockheed Federal Credit Union Account No. 407089700-09, held in the name Gilbert Ramos.

2. To the extent that it is demonstrated to this Court that the value of the above-named assets exceed $6 million, the Court will modify this order accordingly. The property restrained includes all assets that are directly owned by Gilberto Ramos and all assets that are indirectly owned by or credited to his benefit through any agents, nominees, or business entities controlled by him.

3. Gilberto Ramos and his agents, servants, employees, attorneys, family members, and those persons in active concert or participation with him and anyone holding property, both real or personal, including bank accounts, for him, be and are hereby ENJOINED AND RESTRAINED from selling, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of (by transfer of stock or otherwise) or removal from the jurisdiction of this Court, with the intent to conceal and hide, or remove from any checking or savings account, all or part of their interest, direct or indirect, in any property in which Gilberto Ramos has an interest without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, or the written approval of the United States, except as specified in this Order.

4. In the event that Gilberto Ramos desires to transfer, convey, liquidate or encumber any property and if the United States consents in writing to such transfer, the transfer may be made upon condition that all sale proceeds not expended with the consent of the United States shall be placed in escrow in an account approved by counsel for the United States. In the event that

forfeiture is ultimately ordered, any funds received from the sale of property for the actual property forfeited shall be substituted for the actual property and such funds shall also be available to satisfy an order forfeiting substitute assets pursuant to 21 U.S.C. § 853(p).

5. If any of the above-described property has been transferred or disposed of by any means, Gilberto Ramos shall account to the Court for the disposition and location of the property. Further, this Order applies with equal force and effect to restrain the transfer or disposition of the proceeds from said property.

6. Upon a determination by the Court or the United States Attorney that a satisfactory performance bond has been executed for the benefit of Gilberto Ramos to secure the ability of the United States to recover in the event of conviction and forfeiture, property otherwise restrained by this Order will be released from restraint, pursuant to 21 U.S.C. § 853(e).

7. All financial institutions holding any accounts or property identified above are directed to prevent and otherwise are enjoined from transferring (by wire or other means), conveying, diminishing, or disposing of any such property and monies held in the accounts described above, except upon further order of this Court or notice of written consent from the United States Attorney or her designee. Such financial institutions shall continue to receive and credit monies to accounts belonging to or held on behalf of Gilberto Ramos which additional funds shall be subject to this Order and restrained pursuant to its terms. All financial institutions holding any accounts belonging to or held on behalf of Gilberto Ramos shall immediately inform the notifying government agents of each account balance at the time of such notice and thereafter at the request of such agents during the pendency of this Order. In addition, upon request of the notifying government agents, such financial institutions shall provide the United States with records of such accounts as identified by those agents in the same manner as they respond to grand jury subpoenas for such information.

8. The terms of this Order shall remain in full force and effect for a period not to exceed 90 days from the date of entry of this Order, unless this Court extends the term of this Order for good cause shown. Should an indictment or information with a criminal forfeiture notice be filed against Gilberto Ramos prior to the expiration of this Order, the restraining order shall continue in full effect until further order of the Court.

9. The United States is authorized to serve a copy of this order on Gilberto Ramos, his counsel, and on any financial institution affected by this order.

10. The United States is authorized to file a notice of *lis pendens* on any affected real property.

11. Gilberto Ramos is herein ordered to disclose his interest in any property to counsel for the United States.

Dated this ____ day of June 2012.    /s/
Alexandria, Virginia                  Gerald Bruce Lee
                                      United States District Judge