IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 1:12-CR-224 |
| | ) | |
| | ) | |
| GILBERTO RAMOS, | ) | Hon. Gerald Bruce Lee |
| Defendant. | ) | |

## GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY

The United States of America, through the undersigned counsel, files the following response to the Defendant's Motion to Compel Discovery (D.E. 44). For the reasons explained below, the United States respectfully urges the Court to deny the Motion.

## BACKGROUND FACTS

On May 24, 2012, the Defendant was indicted on a single count of conspiracy to possess and distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (D.E. 1). On June 19, 2012, the Defendant was arraigned, waived his rights under the Speedy Trial Act, and demanded a jury trial. (D.E. 34). The Court set a trial date of September 17, 2012. (*Id.*). The Court also entered an agreed discovery order ("Discovery Order"), which was accepted and signed by attorneys for the Defendant and the Government. (D.E. 36).

## ARGUMENT

**I.     The Discovery Order Does Not Require Disclosure Of The Requested Materials.**

Under the terms of the Discovery Order, the Government must disclose: (1) *Brady* material; (2) all materials subject to Rule 16 no later than seven calendar days before trial; (3) *Giglio* and Jencks Act materials for all witnesses who will testify for the Government no later than five calendar days before trial; (4) evidence of other crimes, wrongs, or acts subject to Fed.

R. Evid. 404(b) no later than seven calendar days before trial; and (5) a written summary of testimony the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence no later than ten business days before trial. (D.E. 36). The trial date in this case was set for September 17, 2012. (D.E. 34). Accordingly, with the exception of materials subject to disclosure under *Brady*, all discovery deadlines in this case remain pending.

As a gesture of good faith, the Government provided redacted copies of seven reports prepared by the Drug Enforcement Administration ("DEA") to the Defendant on July 10, 2012, before the deadlines specified in the Discovery Order. (D.E. 44-2). The redacted information concerned personally identifying information of informants or witnesses, or information that could lead to their discovery. On July 12, 2012, the Defendant served a discovery request on the Government and asked for all outstanding discovery in the case. (*Id.*). On July 17, 2012, the Defendant filed the instant Motion and essentially asked for unredacted copies of the DEA reports, along with all other discovery. (D.E. 44).

The Government will, of course, disclose all *Brady* materials upon discovering such information to exist. But none of the redacted information in the DEA reports contains any information subject to *Brady*. Further, the Government has not yet determined whether any of the individuals whose names are redacted will be called as witnesses, and therefore none of the information is subject to disclosure under the Jencks Act. *See* 18 U.S.C. § 3500(a) (providing that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection *until said witness has testified on direct examination in the trial of the case*.") (emphasis added). And Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by

an attorney for the government or other government agent in connection with investigating or prosecuting the case[,]" except as provided pursuant to the Jencks Act. *See* Fed. R. Crim. P. 16(a)(2). Finally, the deadlines for producing all other required discovery remain pending, and the Defendant has articulated no compelling reason why early disclosure is required. Accordingly, the Government is in full compliance with the Discovery Order and the Court should deny the Defendant's Motion.

## II. The Defendant is Not Entitled to Disclosure of Personally Identifying Information of Government Informants and Prospective Witnesses.

The Supreme Court has recognized that the Government has a privilege to withhold the identity of persons who furnish information to officers charged with enforcing criminal laws. *See Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *see also United States v. Hines*, 407 F. App'x 732, 734 (4th Cir. 2011). But the privilege must give way where the disclosure of an informant's identity or communications is relevant and helpful to an accused's defense or is essential to a fair determination of the cause at issue. *See Roviaro*, 353 U.S. at 60-61. In determining whether disclosure is appropriate, the public's interest in protecting the flow of information must be balanced against an accused's interest in obtaining the information. *Roviaro*, 353 U.S. at 62; *see also United States v. Distance*, 404 F. App'x 746, 747 (4th Cir. 2010). Ordering disclosure is within the sound discretion of the Court, considering the crime charged, possible defenses, the significance of an informer's testimony, and any other relevant factors. *See Roviaro*, 353 U.S. at 62; *Distance*, 404 F. App'x at 747.

The burden of establishing the necessity for disclosure is on the Defendant. *Distance*, 404 F. App'x at 747. To compel disclosure, the Defendant must show that the informant's testimony would be relevant and helpful to his defense. *See id.* Moreover, the defendant "must come forward with something more than speculation as to the usefulness of such disclosure."

*See id.* (internal citation and quotation marks omitted). The Court should only order disclosure if it finds that the informant's testimony would be "highly relevant." *See id.* In similar circumstances, courts have refused to grant disclosure of unredacted investigative reports. *See United States v. Astacio-Espino,* 783 F. Supp. 2d 287, 291-92 (D.P.R. 2011) (holding that the Government was not required to disclose unredacted information in FBI reports prior to trial, reasoning that the information was not discoverable at the time, though it could be discoverable later, and disclosure could endanger prospective witnesses or informants); *United States v. Ortiz-Garcia*, 553 F. Supp. 2d 119, 120-21 (D.P.R. 2008) (same).

  All information redacted in the DEA reports produced to the Defendant concerns the identity of informants, cooperating witnesses, information that could lead to their discovery, and other personally identifying information. And the Defendant has offered no compelling reasons justifying disclosure at this stage, apart from a general belief that the information is critical to his defense, which is insufficient. *See United States v. Mabry*, 953 F.2d 127, 132 (4th Cir. 1991) (stating that a "'defendant must come forward with something more than speculation as to the usefulness of ... disclosure [of a confidential informant.]'") (internal citation omitted). Finally, disclosing the redacted information could jeopardize an ongoing investigation and result in possible harassment of informers or witnesses. Accordingly, the Court should deny the Motion.

Respectfully submitted,

Neil H. MacBride
UNITED STATES ATTORNEY

By: \_\_\_\_\_/s/_____
    Vikram Jagadish
    Special Assistant U.S. Attorney
    Michael P. Ben'Ary
    Assistant United States Attorney
    Elizabeth N. Eriksen (LT)
    Special Assistant United States Attorney
    United States Attorney's Office
    Eastern District of Virginia
    2100 Jamieson Ave.
    Alexandria, Virginia 22314-5794
    Phone: 703-299-3700
    Fax: 703-299-3980
    Email: vikram.jagadish@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the July 25, 2012, I filed the forgoing document with the Clerk of Court using the CM/ECF system, which will then generate a Notice of Electronic Filing ("NEF") to be sent to the following counsel:

Robert L. Jenkins, Jr., Esq.
Counsel for Gilberto Ramos
Bynum & Jenkins, PLLC
1010 Cameron Street
Alexandria, VA  22314
Phone: (703) 309-0899
Fax: (703) 549-7701
E-mail: RJenkins@BynumAndJenkinsLaw.com

By       /s/
Vikram Jagadish
Special Assistant U.S. Attorney
Michael P. Ben'Ary
Assistant United States Attorney
Elizabeth N. Eriksen (LT)
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Ave.
Alexandria, Virginia 22314-5794
Phone: 703-299-3700
Fax: 703-299-3980
Email: vikram.jagadish@usdoj.gov