IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:12-CR-224 |
| | ) | |
| | ) | Hon. Gerald Bruce Lee |
| GILBERTO RAMOS, | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR PRE-TRIAL EVIDENTIARY HEARING TO DETERMINE EXISTENCE OF CONSPIRACY AND <u>ADMISSIBILITY OF ALLEGED CO-CONSPIRATORS' STATEMENTS</u>**

COMES NOW the United States of America, by and through its attorneys, Neil H. MacBride, United States Attorney, Michael P. Ben'Ary, Assistant United States Attorney, and Elizabeth N. Eriksen, Special Assistant United States Attorney, and responds to the motion filed by the Defendant, Gilberto Ramos (D.E. 42).  The Defendant moves this Court to hold a pretrial evidentiary hearing to determine whether statements offered by the government as co-conspirator admissions satisfy the requirements of Federal Rule of Evidence 801(d)(2)(E).  This Court, however, is not required to hold such a pre-trial hearing to determine the admissibility of co-conspirator statements, and in this case, such a hearing is unnecessary.  Instead, the Court should determine the admissibility of co-conspirator statements in the context of the evidence elicited at trial.  The Defendant's motion should therefore be denied.

**BACKGROUND**

The Defendant is charged in an indictment with conspiracy to distribute five (5) kilograms or more of cocaine.  In November 2010, the Drug Enforcement Administration ("DEA"), New York Field Division, conducted a traffic stop on a tractor trailer which led to the

seizure of sixteen (16) kilograms of cocaine and approximately $400,000 in United States currency. Following that seizure, DEA began an investigation into the drug trafficking organization ("DTO") involved in moving cocaine from California to various locations on the East Coast. This investigation led to the arrest and/or investigation of other targets, including several of the Defendant's co-conspirators. In the intervening twenty months since the November 2010 seizure, several persons, including co-conspirators and confidential sources, have provided information about the conspiracy and how this DTO operated, moving both money and cocaine across the United States in tractor trailers. In addition, several sources have identified the Defendant as a supplier of cocaine to this particular DTO.

## ARGUMENT

Statements of a co-conspirator which would otherwise qualify as hearsay are admissible pursuant to Federal Rule of Evidence 801(d)(2)(E) upon a showing by a preponderance of the evidence that (1) there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought and (2) that the statements at issue were made during the course of and in furtherance of that conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987); *United States v. Blevins*, 960 F.2d 1252, 1255 (4th Cir. 1992). Though "the court must decide any preliminary questions about whether . . . evidence is admissible," FED. R. EVID. 104(a), the Fourth Circuit "has rejected the formalistic requirement that there must be a hearing to determine the existence of a conspiracy before statements can be admitted under Rule 801(d)(2)(E)." *Blevins*, 960 F.2d at 1256 (citing *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983) (declining to follow *United States v. James*, 590 F.2d 575 (5th Cir. 1979), *overruled on other grounds by Bourjaily*, 483 U.S. at 180-81)). Instead, trial courts may choose

at their discretion "to conditionally admit co-conspirators' statements subject to the subsequent satisfaction of the requirements for their admission." *United States v. Blevins*, 960 F.2d 1252, 1256 (4th Cir. 1992); *see also, e.g.*, *United States v. Timbers*, No. 3:10CR170-21-HEH, 2010 WL 3385140, at *2 (E.D. Va. 2010); *United States v. Ayala*, 469 F. Supp. 2d. 357, 363 (W.D. Va. 2007); *United States v. Fawley*, No. 2:12CR13, 2012 WL 1804846, slip op. at *5 (N.D. W.Va. May 17, 2012); *United States v. Justus*, No. 97-4414, 1998 WL 546095, at *8 (4th Cir. 1998); *but see United States v. Taylor*, 2008 WL 5212011, at *2 (W.D. Va. 2008) (denying Government's motion *in limine* to admit evidence where specific contested statements were at issue); *United States v. Harris*, No. WDQ-11-0187, 2011 WL 2413771, at *7-*8 (D. Md. 2011) (denying motion after hearing was held to determine the admissibility of a specific anticipated statement).

      The Defendant requests that this Court conduct a pre-trial hearing to determine the admissibility of 801(d)(2)(E) co-conspirator statements. The United States does not dispute that it will seek to introduce the testimony of some of the Defendant's co-conspirators against him at trial through the presentation of live witnesses. However, at this time, neither the United States nor the defense has yet identified any statements that qualify as 801(d)(2)(E) statements. The United States has thus far complied with the discovery order that is currently in place, and it is its obligation to continue to do so. Conducting a pre-trial evidentiary hearing would unnecessarily consume judicial resources, and it would preclude the Court from considering witness statements in the context of all the evidence elicited during trial. Even assuming, *arguendo*, the Defendant's co-conspirators make 801(d)(2)(E) statements in addition to their direct testimony, this Court is not required to review each co-conspirator's statement before trial. *See United States v. Blevins*,

960 F.2d 1252, 1256 (4th Cir. 1992). Instead, the Court possesses the discretion "to conditionally admit co-conspirators' statements subject to the subsequent satisfaction of the requirements for their admission." *See id.*

Determining at trial the admissibility of any 801(d)(2)(E) statements enables this Court to consider the statements in the context of all the evidence elicited during trial. If the evidence at trial does not already satisfy the requirement of *Bourjaily* when testimony is elicited concerning co-conspirator statements, *see* 483 U.S. at 175-76, the Court can conditionally admit the statements with an appropriate limiting instruction. *See United States v. Blevins*, 960 F.2d at 1256. Although the United States is sensitive to the possibility of prejudice arising from the introduction of hearsay evidence, the Court can amply cure any improperly admitted statements with a curative instruction to the jury as to what, if any, consideration to give the statements. This procedure would neither delay the trial nor confuse the jury.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion should be denied.

        Respectfully submitted,

        Neil H. MacBride
        UNITED STATES ATTORNEY

By:     /s/
        Michael P. Ben'Ary
        Assistant United States Attorney
        Elizabeth N. Eriksen (LT)
        Special Assistant United States Attorney
        United States Attorney's Office
        Justin W. Williams U.S. Attorney's Building
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: (703) 299-3700
        Fax: (703) 837-8242
        Email: michael.ben'ary2@usdoj.gov
        Email: beth.eriksen@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2012, I filed the forgoing document with the Clerk of Court using the CM/ECF system, which will then generate a Notice of Electronic Filing ("NEF") to be sent to the following counsel:

Robert L. Jenkins, Jr., Esq.
Counsel for Gilberto Ramos
Bynum & Jenkins, PLLC
1010 Cameron Street
Alexandria, VA  22314
Phone: (703) 309-0899
Fax: (703) 549-7701
E-mail: RJenkins@BynumAndJenkinsLaw.com

                                                 /s/
                                    Michael P. Ben'Ary
                                    Assistant United States Attorney
                                    Elizabeth N. Eriksen (LT)
                                    Special Assistant United States Attorney
                                    United States Attorney's Office
                                    Justin W. Williams U.S. Attorney's Building
                                    2100 Jamieson Avenue
                                    Alexandria, Virginia 22314
                                    Phone: (703) 299-3700
                                    Fax: (703) 837-8242
                                    Email: michael.ben'ary2@usdoj.gov
                                    Email: beth.eriksen@usdoj.gov