## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:12-CR-224 |
| | ) | |
| GILBERTO RAMOS, | ) | The Honorable Gerald Bruce Lee |
| | ) | |
| Defendant. | ) | |

POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Neil H. MacBride, United States

Attorney, and Michael P. Ben'Ary, Assistant United States Attorney, and Elizabeth N. Eriksen,

Special Assistant United States Attorney, in accord with 18 U.S.C. § 3553(a) and the United

States Sentencing Commission, Guidelines Manual, (Nov. 2011), files this Position of the United

States With Respect to Sentencing in the instant case.   The United States has no objection to the

guideline calculations contained in the Presentence Report (PSR).  For the reasons set forth

herein, a variant sentence of 360 months in prison is reasonable and appropriately accounts for

each of the factors set forth in 18 U.S.C. § 3553(a).  Accordingly, the government requests that

this Court impose such a sentence.

## I.      OFFENSE OF CONVICTION AND GUIDELINE RANGE

On March 13, 2013, a jury convicted the defendant of a single count Superseding

Indictment charging him with conspiracy to distribute five kilograms or more of a mixture and

substance containing cocaine, in violation of Title 21, United States Code, Sections 841(a)(1)

and 846.  Because the government filed an information pursuant to Title 21, United States Code,

Section 851, stating the defendant's prior conviction for a felony drug offense (Dkt. # 72), the

penalty for this offense is a mandatory minimum of 20 years of incarceration, a maximum term of life imprisonment, a fine of $20,000,000.00, a special assessment of $100.00 and a minimum of ten years of supervised release.

The defendant acted as a leader and organizer in a large-scale, cross-country cocaine distribution network.  The defendant was responsible for distributing, or reasonably foresaw that his co-conspirators distributed, 150 kilograms or more of cocaine, which corresponds to a base offense level of 38 under the Sentencing Guidelines.  The defendant's offense level is increased by four levels because he has properly received an aggravating role enhancement for being and organizer or leader under U.S.S.G. §3B1.1(a).  Because he received the role adjustment under U.S.S.G.§3B1.1(a), the defendant's offense level is further increased an additional two levels pursuant to U.S.S.G. §2D1.1(b)(14)(C) because he was directly involved in the importation of a controlled substance.  The defendant's offense level is 44.  The defendant is in Criminal History Category I, which results in a guideline range of life in prison.

## II.      DEFENDANT'S OBJECTIONS TO PSR AND GUIDELINE RANGE

### A.  Offense conduct

The defendant objects to paragraphs 26 and 38 of the PSR.  The information taken into account when the Probation Officer is preparing a PSR includes all of the information known to the government, and is not limited to the evidence adduced at trial.  "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rule of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."  U.S.S.G. §6A1.3(a).  It is proper, therefore, for the PSR to draw from evidence

adduced at trial, but also additional evidence provided by the parties during the Probation

Office's investigation.

With respect to paragraph 26, there is ample evidence to support, by a preponderance of

the evidence, that the defendant had a Mexican source of supply for cocaine. Specifically, in

paragraph 26, the testimony at trial as cited by the defendant confirms that Antonio Sandoval and

the defendant were in a drug trafficking conspiracy and worked together to procure cocaine. The

PSR cites that Antonio Sandoval knew the defendant to have at least one supplier in Mexico, a

fact not inconsistent with the one sentence quoted by the defendant. With respect to paragraph

38, Rigo Espinosa testified that he met the defendant, and believed that the defendant was Tony

Sandoval's partner. That the defendant can find sound bites from the trial transcript that seem to

be contradictory is not surprising, given the length of the cross-examinations.[1] Nor is it

persuasive, given the overwhelming weight of the testimony that showed that this defendant was

the leader of a cocaine trafficking business that imported cocaine from Mexico and sent it to

Washington, D.C. and elsewhere for resale.

**B.  Role in the Offense**

The Probation Office has assessed that the defendant is a leader or organizer in this

conspiracy, which had five or more participants. See PSR at paragraphs 60-63. Since there is no

reasonable dispute that this conspiracy involved five or more participants, the question is

whether there is proof by a preponderance of the evidence that the defendant was the organizer

or leader of one or more other participants. See USSG §3B1.1, Application Note 2. The evidence

adduced at trial and contained in the PSR indicates that the defendant organized shipments of

cocaine from California to the East Coast. The defendant worked with Antonio Sandoval, Jesus

---

[1] The defendant has not provided transcripts of any portions of the trial to the government.

Sandoval and Maurice Krider to coordinate truck drivers to deliver hundreds of kilograms of cocaine across the United States.  The defendant also insured, partly by sending Jesus Sandoval to live in Maryland, that millions of dollar of drug proceeds were collected and returned back to him in California.  As was testified to at trial by Jesus Sandoval, Antonio Sandoval and Maurice Krider, the defendant was essential to the organization, management, and success of this cocaine trafficking conspiracy.  As such, the application of the enhancement under 3B1.1(a) is warranted.

With regard to the defendant's particular objections to paragraphs 57 and 60 of the PSR, the government agrees with the Probation Officer's assessment and response.  Specifically, Maurice Krider, took responsibility for his conduct in this conspiracy and pleaded guilty before this Court on October 18, 2012.  In his plea agreement, Krider admitted that he was personally involved in the distribution of, or it was foreseeable to him that his co-conspirators distributed, 150 kilograms or more of cocaine.  See Dkt. #76.

As to paragraph 60, again, the Probation Officer properly identifies the issue as it relates to the role of Antonio Sandoval.  Antonio Sandoval pleaded guilty on November 10, 2011 to the charge of conspiracy to distribute 5 kilograms or more of cocaine.  At that time, he was the second person in this conspiracy to plead guilty.  At the time Mr. Sandoval pleaded guilty and agreed to cooperate, the investigation had uncovered limited information about the functioning of this drug trafficking organization and the exact roles of each participant.  As was proven at trial, between November 2011 and today, law enforcement acquired much more information and greater details from co-defendants and cooperating witnesses.  These facts and details, as presented at trial, show that this defendant was a leader in this drug-trafficking organization. The enhancement under §3B1.1(a) is appropriate.

4

### C.  Criminal History

Paragraph 68 of the PSR properly reflects that the defendant was represented by the Public Defender for his prior felony drug conviction in 1990.  In addition, the certified copy of the conviction also shows the name of counsel for defendant at the top of the court's Order.  See Dkt. #72-1 at p. 2.  In addition, the same conviction order displays the code section the defendant violated, California Health and Safety Code Section 11359, a felony punishable by a term of imprisonment in a county jail for 16 months, or two or three years. See Cal. Penal Code § 1170 (West 2013). The conviction Order also shows that the defendant was placed on felony probation.[2]

If the defendant is attempting to challenge or deny his prior conviction and the Criminal Information and Notice Pursuant to 21 U.S.C. § 851 filed by the government (Dkt. #72),  he has not done so properly.  There are very precise procedures detailing how a defendant can contest or challenge an information filed under 21 U.S.C. § 851 set forth in the statute.  See United States Code, Section 851(c)(1).  The defendant has not complied with the statutory requirements. Further, Title 21, United States Code, Section 851(e) contains a statute of limitations provision that precludes a defendant from challenging the validity of a prior conviction used to enhance a sentence if the conviction is over five years old. See also *United States v. Hill*, 173 F. App'x 246, 247 (4th Cir. 2006) *(citing Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994)).

---

[2] Although not directly applicable here, it is worth noting that in order to constitute a "prior felony," a state drug offense punishable by more than one year qualifies as a "felony drug offense," even if state law classifies the offense as a misdemeanor. *Burgess v. United States*, 553 U.S. 124, 127 (2008).

Finally, the defendant suggests in his position on sentencing that the Court is permitted to sentence the defendant to less than 240 months based upon the recent holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  See Defendant's Position on Sentencing Factors at p. 5. However, this argument is without merit.  *Alleyne* did not overrule *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) which held that prior conviction of a crime may constitutionally be treated as a sentencing factor, rather than as an element of the offense.  See *Alleyne*, 133 S. Ct. at 2160 n.1 (noting *Almendarez-Torres* exception to *Apprendi* rule).

## III.     Sentencing  Standards

Though the Sentencing Guidelines are advisory, sentencing courts "must consult those Guidelines and take them into account when sentencing."  United States v. Booker, 125 S. Ct. 738, 767 (2005).  "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines.  Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence."  United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed correctional treatment.

## IV.    Argument

The sentencing factors specified by Congress support the imposition of a 360-month sentence of incarceration.  In terms of the nature and circumstances of this offense, the drug trafficking organization involved in this case was prolific in terms of the quantity of cocaine distributed by its members.  It is difficult to comprehend the number of individual cocaine users impacted by this group.  It is even more difficult to begin to take into account the family members and friends of those users whose lives were negatively impacted by their loved ones' ability to purchase and use this group's cocaine. Even though those numbers will never be accurately calculated, it is clear that this offense was extremely serious, and those that were instrumental in this drug-trafficking group deserve extremely serious punishment.

In considering the defendant's characteristics, the Court must consider that this is not the defendant's first felony drug conviction.  Yet, notwithstanding that prior conviction, this defendant sent multi-kilogram loads of cocaine across the country to be sold in the Washington, D.C. area, as well as other areas.  There is little doubt about the defendant's motives, as it was proven at trial that couriers, like Rigo Espinosa, carried millions of dollars of drug proceeds back to California in hidden compartments in tractor trailers.

Three other conspirators have been sentenced in this case. Antonio Sandoval received a sentence of 87 months in prison (after application of the "Safety Valve"), while Jesus Sandoval and Robert Garcia received sentences of 120 months in prison. These sentences were based on stipulated drug amounts of greater than 15 kilograms, but less than 50 kilograms of cocaine. Maurice Krider received a 100-month sentence from this Court based on a stipulated drug weight of 150 kilograms or more of cocaine.  Tyrone Smith is pending sentencing in the District of

Columbia. Rigo Espinosa, one of the couriers, received a sentence of time served in the New York state system.  In terms of weighing relative culpability, the defendant is at the top of the organization.  As shown at trial, this defendant established a connection with Krider to send cocaine from California to the Washington, D.C. area.  This defendant was involved, along with Tony Sandoval, in placing Jesus Sandoval in the Washington, D.C. area to support the group by collecting drug proceeds and sending them back to California.  In all respects, this defendant was in charge.

Taking all of the sentencing factors into account, a sentence of 360 months of incarceration is sufficient, but not greater than necessary, to satisfy the goals of sentencing.  Such a sentence will appropriately punish and deter the defendant and others who seek to enrich themselves by leading and organizing the trafficking of illegal substances.

**V.      Conclusion**

For the reasons stated, the United States asks this Court to impose a sentence of 360 months of imprisonment.  Additionally, the United States respectfully requests that this Court enter the proposed Preliminary Order of Forfeiture previously filed in this case (Dkt. # 151-1).

Respectfully Submitted,

Neil H. MacBride
United States Attorney

By:      _____/s/_____
Michael P. Ben'Ary
Elizabeth N. Eriksen
Attorneys for the United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 837-8242
Email: Michael.Ben'Ary2@usdoj.gov
        beth.eriksen@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of September, 2013, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:


Robert Lee Jenkins, Jr.
Bynum & Jenkins, PLLC
1010 Cameron Street
Alexandria, VA 22314
Phone: (703) 309-0899
Fax: (703) 549-7701
Email: rjenkins@bynumandjenkinslaw.com

I hereby certify that I will cause a copy to be delivered via email to:

Kelly Smihal
U.S. Probation Officer
401 Courthouse Square
Alexandria, VA 22314
Phone: (703) 299-2304
Fax: (703) 299-2350
Email: Kelly_Smihal@vaep.uscourts.gov


_____/s/_____
Michael P. Ben'Ary
Elizabeth N. Eriksen
Attorneys for the United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 837-8242
Email: Michael.Ben'Ary2@usdoj.gov
        beth.eriksen@usdoj.gov