IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:12-CR-224 |
| | ) | |
| GILBERTO RAMOS | ) | The Honorable Gerald Bruce Lee |
|   a.k.a. "Gilbert Ramos", | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States has moved the Court to enter a preliminary order of forfeiture wherein a money judgment in the amount of $2,070,000.00 shall be entered against the defendant, GILBERTO RAMOS, also known as "Gilbert Ramos," and approximately $136,064.48 in funds held in the name Gilberto Ramos that are currently under restraint at LOGIX Federal Credit Union, also known as Lockheed Federal Credit Union, including but not limited to account no. 407089700-09, shall be forfeited to the United States.   This memorandum is submitted in support of that motion.

Procedural Background

A federal grand jury sitting in the Eastern District of Virginia returned a superseding indictment against the defendant, Gilberto Ramos, and others on August 30, 2012, charging the defendant with a single count (Count 1) of conspiracy to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841 and 846 (Dkt.#61).

Included in the Indictment is a Forfeiture Notice, wherein the defendant was notified that if convicted of Count 1, he shall forfeit to the United States any property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of such violation, including, but not limited to any of the defendant's property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, including, but not limited to all funds held in the name Gilberto Ramos at Lockheed Federal Credit Union[1], including, but not limited to account no. 407089700-09.

On September 5, 2012, a post-indictment restraining order was entered by this Court, wherein certain properties of the defendant that were subject to criminal forfeiture were restrained, including all funds held in the name Gilberto Ramos at Lockheed Federal Credit Union, including but not limited to account no. 40789700-09 (Dkt.#65).

At the arraignment proceeding before this Court on September 11, 2012, the defendant pled not guilty and demanded a jury trial (Dkt.#69).   On March 13, 2013, the jury returned a guilty verdict against Gilberto Ramos, convicting the defendant of Count 1, conspiracy to distribute five kilograms or more of cocaine (Dkt.#125).   On September 13, 2013, this Court sentenced the defendant to 240 months in the bureau of prisons.   At the time of sentencing the government filed a Motion for a Preliminary Order of forfeiture.   However, the government withdrew that motion based upon findings made at the sentencing hearing and the court granted leave to file at a future date once the trial transcripts were available. (Dkt. # 155).

During the jury trial, several co-defendant witnesses, including: Rigo Espinosa, Jesus Sandoval, Antonio Sandoval, Tyrone Smith and Maurice Krider, testified that the conspiracy in which the defendant participated obtained millions of dollars in illegal proceeds from the distribution of cocaine. Specifically, co-defendant Tyrone Smith testified that during the time of

---

1 Lockheed Federal Credit Union is currently known as LOGIX Federal Credit Union.

the conspiracy, he was selling kilograms of cocaine in the Washington, D.C. area for $33,000-$35,000 per kilogram.  *See* Exhibit 1, Tr. at 133.   At sentencing, the Court found, by a preponderance of the evidence, that the defendant was personally involved in the distribution of, or it was reasonably foreseeable the him that his co-conspirators were responsible for the distribution of, 69 kilograms of cocaine. The Presentence Investigation Report and the Sentencing Guidelines were adjusted accordingly. (Dkt.# 158).

<u>Argument</u>

Pursuant to the Federal Rules of Criminal Procedure, Rule 32.2(b)(1) and 21 U.S.C. § 853, the United States seeks a $6 million money judgment against the defendant, an amount that represents illegal proceeds that the conspiracy in which the defendant participated obtained from the distribution of cocaine, and pursuant to 21 U.S.C. § 853, the forfeiture of approximately $136,064.48 in funds held in the name Gilberto Ramos that are currently under restraint in LOGIX Federal Credit Union, also known as Lockheed Federal Credit Union, including but not limited to account no. 407089700-09.

    1.    Relevant portions of Rule 32.2 (b) of the Federal Rules of Criminal Procedure state as follows:

> As soon as practicable after a verdict or finding of guilty.. on any count in an indictment... regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.   If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.   If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. Fed. R. Crim. P. 32.2(b)(1)(A)
>
> The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable .... Fed. R. Crim. P. 32.2(b)(1)(B)

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of any specific property...if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property....Fed. R. Crim. P. 32.2(b)(2)(A)

2. It is well-established that forfeiture is mandatory. See *United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that the forfeiture be mandatory in cases where the statute applied ...."); *United States v. Alamoudi*, 452 F.3d 310, 313 (4th Cir. 2006) (if the defendant is convicted of any offense covered by 18 U.S.C. § 981(a)(1)(C), the court must order the forfeiture of the proceeds of that offense); *United State v. Maxwell*, 189 F. Supp. 2d 395, 399 n.2 (E.D.Va. 2002) (because criminal forfeiture is mandatory, the primary issue before the trial court is not whether to issue a forfeiture order, but its size and scope).

3. A court may order the forfeiture of a money judgment against the defendant in a sum of money equal to the illegal proceeds the defendant obtained from his participation in the offense of his conviction, an amount that is not limited to the money and assets remaining in the defendant's possession at the time he is sentenced, or by the availability of substitute assets. *See United States v. Vampire Nation*, 451 F.3d 189, 202 (3rd Cir. 2006) (expressly rejecting the argument that a forfeiture order must order the forfeiture of specific property; it may take the form of a judgment for a sum of money equal to the proceeds the defendant obtained from the offense, even if he no longer has those proceeds, or any other assets, at the time he is sentenced; such a construction of the statute is consistent with the mandatory nature of criminal forfeiture and the provision in section 853 directing courts to liberally construe its provisions to effectuate their remedial purposes); *United States v. Farkas*, 2011 WL 5101752 (E.D.Va. Oct. 26, 2011) (following *Vampire Nation*; defendant is liable to forfeit the proceeds of his fraud whether he retained them, spent them, or held them only momentarily before transferring them to a third

party). *See also*, *United State v. Newman*, 659 F.3d, 1235 (9th Cir. 2011) ("forcing defendants to disgorge their ill gotten gains, even those [ill-gotten gains] already spent," insures that defendants do not benefit from their crime; when the Government seeks a money judgment, the district court's only role, under Rule 32.2(b), is to determine the amount of money that the defendant will be ordered to pay); *United States v. Misla-Aldarondo*, 478 F.3d 52, 73-74 (1st Cir. 2007); "If the Government has proven that there was at one point an amount of cash that was directly traceable to the offenses, and thus would be forfeitable ..., that is sufficient for a court to issue a money judgment, for which the defendant will be fully liable whether or not he still has the original corpus of tainted funds - indeed, whether or not he has any funds at all;" *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (the Government is entitled to a money judgment whether the defendant has the forfeited proceeds, or any other assets, in his possession at all); *United States v. Casey*, 444 F.3d 1071, 1074-76 (9th Cir. 2006) (same); *United States v. Day*, 524 F.3d 1361, 1378 (D.C. Cir. 2008) (same; following *Vampire Nation, Hall* and *Casey*), rev'g 416 F. Supp. 2d 79 (D.D.C. 2006); *United States v. Awad*, 598 F.3d 76,79 (2nd Cir. 2010) (same; following all other circuits; contrary interpretation would create an incentive for criminals to spend their proceeds to avoid forfeiture); *United States v. McGinty*, 610 F.3d 1242, 1246 (10th Cir. 2010) (same; joining all other circuits and collecting cases); *United States v. Smith*, 656 F.3d 821 (8th Cir. 2011) (following all other circuits, but basing the authority to impose a money judgment on 853(o) and (p); under the rule requiring liberal construction, forfeiture of a money judgment is just a mechanism for forfeiting the property the defendant may acquire in the future as substitute assets); *United States v. Olguin*, 643 F.3d 384 (5th Cir. 2011) (because the forfeiture

statute is broadly worded and must be "liberally construed", a court must assume that any property of the defendant may be forfeited unless specifically excluded from the scope of the statute; because the statute does not exclude money judgments, a forfeiture order may take that form); *United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (authority to issue a forfeiture order in the form of a money judgment is clear from the cross reference in Section 2461(c) to Rule 32.2, which "explicitly" contemplates the entry of a money judgment); *United States v. Croce*, 209 Fed. Appx. 208, 213 (3rd Cir. 2006) (following *Vampire Nation*); *United States v. Abdelsalam*, 311 Fed. Appx. 832, 847 (6th Cir. 2009) (forfeiture orders may be issued in the form of a money judgment).

4. Forfeiture is part of sentencing. *Libretti v. United States*, 516 U.S. 29 (1995). Thus, the forfeiture phase is governed by the preponderance standard. *United States v. Cherry*, 330 F.3d 658 (4th Cir. 2003).

Conclusion

The United States here in requests that a preliminary order of forfeiture be entered wherein a $2,070,000.00 money judgment shall be entered against the defendant, Gilberto Ramos, an amount for which he shall be jointly and severally liable with any and all convicted co-defendants, and in partial satisfaction of said money judgment, approximately $136,064.48 in funds that are currently under restraint in the name of Gilberto Ramos at LOGIX Federal Credit Union, also known as Lockheed Federal Credit Union, including but not limited to account no. 407089700-09, shall be forfeited to the United States.

          Respectfully submitted,

          Dana J. Boente
          Acting United States Attorney

By:     /s/
          Michael P. Ben'Ary
          Assistant United States Attorney
          Elizabeth N. Eriksen
          Special Assistant United States Attorney
          Attorneys for the United States of America
          2100 Jamieson Avenue
          Alexandria, Virginia 22314
          Phone: (703)-299-3700
          Fax: (703) 299-3982
          Email: michael.ben'ary2@usdoj.gov
                  beth.eriksen@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record at the following:

>Robert Lee Jenkins, Jr.
>Bynum & Jenkins, PLLC
>1010 Cameron Street
>Alexandria, Virginia 22314
>Phone: (703) 309-0899
>Fax: (703) 549-7701
>Email: rjenkins@bynumandjenkinslaw.com

>_____/s/_____
>Michael P. Ben'Ary
>Assistant United States Attorney
>Elizabeth N. Eriksen
>Special Assistant United States Attorney
>Attorneys for the United States of America
>2100 Jamieson Avenue
>Alexandria, Virginia 22314
>Phone: (703)-299-3700
>Fax: (703) 299-3982
>Email: michael.ben'ary2@usdoj.gov
>         beth.eriksen@usdoj.gov