FILED
NOV 17 2015
Page 2
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Eastern District of Virginia |
|---|---|
| Name (under which you were convicted): Ramos Gilberto | Docket or Case No.: 1:12-cr-00224-GBL |
| Place of Confinement: Lompoc Fci | Prisoner No.: 62894-112 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) Ramos Gilberto |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Eastern District of Virginia (Alexandria)

   (b) Criminal docket or case number (if you know): 1:12-cr-00224-GBL

2. (a) Date of the judgment of conviction (if you know): _____

   (b) Date of sentencing: 9-13-2013

3. Length of sentence: 240 months

4. Nature of crime (all counts): 21:846 Conspiracy to distribute Five Kilograms or more of Cocaine

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☐
8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐
9. If you did appeal, answer the following:

   (a) Name of court: United States Court of Appeals for the Forth Circuit
   (b) Docket or case number (if you know): 13-4732
   (c) Result: Denied
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: 1: whether Alleyne v United states required the United states to submit to the Jury Appellant's purported felony drug offense that raised raised the mandatory minimum from 10 years to 20 years.

   2: Whether it was established by a propenderance of the evidence that defendant was an organizer or leader in the drug conspiracy under United States Sentencing Guideline § 3B1.1A

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ☐
   If "Yes," answer the following:
   (1) Docket or case number (if you know): 14-7065
   (2) Result: denied
   (3) Date of result (if you know): 12/15/2014
   (4) Citation to the case (if you know): _____
   (5) Grounds raised: _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:       Yes ☐   No ☐
(2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** Counsel failed to fully investigate section 21 usc§851 and how the term "FELONY DRUG OFFENSE" is defined.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
In 21 usc:802(44) the term is defined as "an offense that is punishable by imprisonment for more then one year under [any state or federal relating to narcotics or marijuana." The predicate offense used to support the 21 usc§851 only resulted in 180 days suspended setence and 3 years probation. Counsel did did not research to see if that offense could even be used and thus the Petitioner received a 240 month sentence instead of a sentence of 120 months.

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐ No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: Counsel argued Alleyne V United States instead

_____

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐ No ☒

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** <u>Counsel failed to argue relevant case law at sentencing, thus Petitioner received a longer setence.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
At sentencing counsel should have argued United States v Simmons 649 f3d 237 (4th cir 2011), instead of Alleyne v United States. In Simmons, the Fourth Circuit held that an offense qualifies as a "felony drug offense" for the purposes of section 841(b)(1) and is punishable by more than one year in prison, only if the defendant could have received a sentence of more than one year in prison." If counsel had argued this and shown the Court, that the sentence imposed in the California case back in 1990 was a suspended sentence of 180 days, (see Exhibit 1, Docket entry 72-1 Line 7(A)(2) imposition of sentence was suspended. 72-1 Page 2 line 76 Proceedings suspended line 78 probation granted or a period of 3 years.

Line (1) spend first 180 days in County Jail. Then the prior conviction could not have been used as the predicate offense under 21 usc§851. If Counsel had argued this as articulately as he did with the other factors that where taken into account by the sentencing Judge. There would have been a very probability that the sentence would have been a more reasonable 120 months instead of the draconian sentence of 240 months which the Petitioner received. To support this contention is the statement is the statement made by the Judge at sentencing, see page 46 lines 2-3 of the sentencing transcripts, "And it is my Judgement that **20 YEARS IS MORE THAN SUFFICIENT** in this case." Emphasis added.

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: <u>Counsel Argued Alleyne v United States instead</u>

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☒   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: <u>Writ of certiorari</u>

Name and location of the court where the motion or petition was filed: <u>Supreme Court</u>

Docket or case number (if you know): <u>14-7065</u>

Date of the court's decision: <u>12-15-2014</u>

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

  Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

  Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

  Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏ No ❏

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏ No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏ No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏ No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏ No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal **now pending** (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Robert Lee Jenkins, Jr
Kevin Richard Brehm

(b) At arraignment and plea: _____

(c) At trial: Robert Lee Jenkins Jr

(d) At sentencing: Robert Lee Jenkins jr

(e) On appeal: Joseph D. King

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☒
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

    (b) Give the date the other sentence was imposed: _____
    (c) Give the length of the other sentence: _____
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Since counsel failed to investigate the statue used to double the Petitioner's sentence from 120 months to 240 months. Counsels performance at sentencing prejudiced the Petitioner with a sentence twice of what it could have been. Petitioner ask's this Court for one of two outcomes one if the Court decides that Counsel was ineffective to vacate the conviction completely and letting Petitioner be released from prison, or correct the error and resentence the Petitioner to the 120 months, the more reasonable sentence.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on November 13, 2015 (month, date, year).

Executed (signed) on November 13, 2015 (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

IN FORMA PAUPERIS DECLARATION
_____
[Insert appropriate court]
* * * * *