UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| GILBERTO RAMOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal No. 1:12-cr-224 |
| v. ) | Civil No.    1:15-cv-1556 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | The Honorable Gerald B. Lee |
| Respondent. ) | |

### **OPPOSITION TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**

The United States of America, by undersigned counsel and pursuant to the Court's January 28, 2016 Order and Rule 5 of the Federal Rules Governing Section 2255 Proceedings, files this Opposition to Petitioner Gilberto Ramos's Motion under Title 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence, and requests that the Court dismiss the motion.

### **BACKGROUND**

Gilberto Ramos ("Ramos" or "Petitioner") was part of a cocaine-trafficking organization that smuggled cocaine from California to the East Coast for resale. (Joint Appendix 431-32 of U.S. appellate brief). Ramos, who supplied others with cocaine that he received from a Mexican drug connection, arranged for shipments of cocaine to be transported in hidden compartments in tractor trailers. (J.A. 432-33). Once the cocaine was sold, a co-conspirator collected the proceeds of the drug sales and sent the proceeds in hidden compartments in tractor trailers back to Ramos in California. (*Id.*).

On May 24, 2012, Ramos was charged in a one-count indictment with conspiracy to distribute five kilograms or more of cocaine from January 2010 through August 2011, in

1

violation of Title 21, United States Code, Sections 841 and 846. (Dkt. No. 1). The Court appointed trial counsel for Ramos on June 8, 2012. (Dkt. No. 29). Ramos was arraigned, pleaded not guilty, waived his right under the Speedy Trial Act, and demanded a jury trial on June 19, 2012. (Dkt. No. 34). On July 17, 2012, Ramos filed a motion to relieve trial counsel of court appointed obligations and to authorize him to appear as privately retained counsel. (Dkt. No. 41). The Court granted this motion on July 31, 2012. (Dkt. No. 53). On July 24, 2012, Ramos moved the Court to admit second trial counsel *pro hac vice* to serve alongside the first trial counsel. (Dkt. No. 45). The Court granted this motion on August 3, 2012. (Dkt. No. 56).

A grand jury returned a superseding indictment on August 30, 2012, charging Ramos and two co-conspirators with one count of conspiracy to distribute five kilograms or more of cocaine from January 2010 through August 9, 2011, in violation of Title 21, United States Code, Sections 841 and 846. (Dkt. No. 61). On September 11, 2012, Ramos was arraigned on the superseding indictment, pleaded not guilty, and demanded a jury trial. (Dkt. No. 69). The government filed a Notice of Prior Conviction pursuant to Title 21, United States Code, Section 851 on September 19, 2012. (Dkt. No. 72). The Notice of Prior Conviction informed Ramos that he faced enhanced punishment under Title 21, United States Code, Sections 841 and 846 as he was previously found guilty of a California "felony drug offense": Possession of Marijuana for Sale. (Dkt. No. 72).

Ramos's trial began on March 11, 2013, and the jury returned a guilty verdict on March 13, 2013. (Dkt. No. 125). Ramos was sentenced on September 13, 2013, to 240 months imprisonment and 10 years of supervised release. (Dkt. No. 155). The judgment for Ramos was entered on September 16, 2013, and he filed a timely notice of appeal on September 27, 2013. (Dkt. No. 159).

On appeal, a third attorney represented Ramos. On May 8, 2014, the Fourth Circuit affirmed Ramos's conviction and sentence in a per curiam decision, holding that the district court did not err by not submitting Ramos's prior felony drug offense to the jury or by applying a four-level enhancement for Ramos's leadership role in the drug conspiracy. *United States v. Ramos*, 571 Fed. Appx. 177 (4th Cir. 2014) (unpublished). On December 15, 2014, the Supreme Court denied Ramos's petition for writ of certiorari, and on November 17, 2015, Ramos timely filed the instant pro se motion to vacate pursuant to Section 2255. (Dkt. No. 177).

Ramos claims in his motion he received ineffective assistance of counsel. First, Ramos alleges that trial counsel provided ineffective assistance by failing to fully investigate Title 21, United States Code, Section 851, and the definition of the term "felony drug offense." Petitioner's Mot. 5. Second, Ramos claims that trial counsel was ineffective by failing to argue *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) at sentencing, which Ramos claims resulted in an enhanced sentence. Petitioner's Mot. 6-7.

## **STANDARD OF REVIEW**

A petitioner collaterally attacking his sentence pursuant to Section 2255 bears the burden of proving that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. Petitioner's motion under Section 2255 asserts that his Sixth Amendment rights were violated because he received ineffective assistance of counsel.

Under *Strickland v. Washington*, 466 U.S. 668, 691 (1984), Petitioner must establish a *prima facie* claim of ineffective assistance of counsel by showing that trial counsels' performance was (1) deficient because it "fell below an objective standard of reasonableness"

based upon prevailing professional norms, and (2) that the attorneys' deficient performance caused the defendant actual prejudice.

There is a strong presumption that counsels' conduct was within the wide range of reasonable professional assistance. *Id.* at 689-90; *United States v. Terry*, 366 F.3d 312, 316-18 (4th Cir. 2004), *cert. denied*, 543 U.S. 983 (2004). In assessing whether a defendant has overcome this presumption, "the analysis of counsel[s'] performance typically must be comprehensive; i.e., not narrowly limited to a review of counsel's failings." *See Strickland*, 466 U.S. at 689.

To satisfy the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel[s'] unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See Strickland*, 466 U.S. at 694. In other words, a defendant must affirmatively prove prejudice that is so serious as to have deprived him of a fair trial, a trial whose result is unreliable. *Id.* at 693. Errors in a Sentencing Guidelines determination, resulting in an increased prison term, have been found to establish *Strickland* prejudice. *Glover v. United States,* 531 U.S. 198, 200 (2001).

The Fourth Circuit has labeled the two prongs of the *Strickland* test the "performance prong" and the "prejudice prong." *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700. Because "[t]he defendant bears the burden of proving *Strickland* prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." *See Fields*, 956 F.2d at

1297; *Strickland*, 466 U.S. at 697; *Terry*, 366 F.3d at 315; and *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983).

## ARGUMENT

I. **The Performance of Petitioner's Attorneys did not Violate the Sixth Amendment Right to Counsel**

    A. Ground One: "Felony Drug Offense"

Petitioner claims in Ground One that Petitioner's counsel failed to fully investigate whether the predicate offense listed in the Notice of Conviction met the definition of "felony drug offense" provided in Title 21, United States Code, Section 804(22). As a result, Petitioner claims that he received a twenty-year sentence, rather than a ten-year sentence. *See* Petitioner's Mot. 5.

    *i. Petitioner has failed to meet the "performance prong"*

The Court should reject Petitioner's claim because a review of the record demonstrates that Petitioner's sentencing position addressed Petitioner's predicate drug conviction by stating, "The PSR does not indicate whether the defendant was represented by counsel and/or whether the offense constitutes a prior felony[.]" (Dkt. No. 153). In addition, Petitioner's counsel specifically objected, both in the written sentencing position and orally at the sentencing hearing, to the Court imposing an enhanced mandatory minimum sentence based on the fact of a prior conviction because the conviction was not presented to the jury and proved beyond a reasonable doubt, citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (Dkt. Nos. 153 and 164). During the sentencing hearing, the Court asked defense counsel whether the Supreme Court struck down mandatory minimums based on the recidivism exception set forth in *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998). (Sentencing Tr. 10:17-22 (Dkt. No. 164)). In response, defense counsel presented argument that "in [his] view, the language in *Alleyne* abrogates

5

[*Almendarez-*]*Torres*, and the Supreme Court will reverse [*Almendarez-*]*Torres* as soon as the Court has an opportunity to [ ] review that issue." (Sentencing Tr. 14:13-16 (Dkt. No. 164)). Despite defense counsels' arguments, the Court ultimately sentenced Ramos to the enhanced mandatory minimum sentence of 240 months of incarceration.

The record clearly demonstrates that defense counsel effectively advocated on their client's behalf, and objected to the categorization of Petitioner's prior drug conviction as a felony in the defense's sentencing position and orally at sentencing. Counsels' actions fell within the range of reasonably effective assistance. *See Strickland*, 466 U.S. at 689-90. The objections and arguments made by counsel were effective notwithstanding their lack of success in the district court and even if they did not encompass, for strategic reasons or otherwise, every argument the Petitioner makes now. The Constitution requires reasonably effective assistance under the circumstances and not hypothetical perfection. *See White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992) (stating that the test is not what the best lawyers would have done or what most good lawyers would have done, but only whether some reasonable attorney could have acted in the circumstances as this attorney did), *cert. denied*, 514 U.S. 1131 (1995).

Petitioner has failed to make a sufficient showing with respect to the first prong of *Strickland*, namely, that counsels' representation fell "below an objective standard of reasonableness" (i.e., prevailing professional norms). Petitioner's claim of ineffective assistance of counsel should therefore be rejected.

### ii. *Petitioner has failed to meet the "prejudice prong"*

Even assuming Petitioner has met his burden to show the performance prong of *Strickland*, Petitioner cannot prove prejudice as a result. Despite Petitioner's arguments, there is no reasonable probability that he would have been sentenced to a shorter term of imprisonment

had defense counsel "fully investigate[d]" whether the predicate offense listed in the Notice of Conviction filed by the government pursuant to Title 21, United States Code, Section 851 met the definition of "felony drug offense."

Under Title 21, United States Code, Section 841(b)(1)(A), the mandatory minimum sentence increases from ten years to twenty years for defendants with a prior conviction for a "felony drug offense." A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of . . . a State . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana . . . or depressant or stimulant substances." 21 U.S.C. § 802(44). To determine whether a state "felony drug offense" is punishable by more than one year, it is necessary to look to the state's statutory maximum sentence. *See United States v. Bercian-Flores*, 786 F.3d 309, 316 (4th Cir. 2015) ("The qualification of a prior conviction as a sentencing predicate does not depend on the sentence a defendant actually received but on the maximum sentence permitted for his offense of conviction." (internal alterations, citations, and quotation marks omitted)).

On or about August 24, 1990, Petitioner was found guilty of one count of felony Possession of Marijuana for Sale, in violation of California Health & Safety Code Section 11359, for which Ramos was sentenced to 180 days of incarceration and a three-year term of felony probation. (Dkt. No. 72.) Prior to amendment in 2011, California Health & Safety Code Section 11359 provided: "Every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment in the state prison." Cal. Health & Safety Code § 11359 (effective through Sept. 30, 2011). California Health & Safety Code Section 11362 defined a "felony offense" as "an offense for which the law prescribes imprisonment in the state prison as either an alternative or the sole penalty, *regardless of the sentence the*

7

*particular defendant received.*" Cal. Health & Safety Code § 11362 (effective through Sept. 30, 2011) (emphasis added). California Penal Code Section 18 provided: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years." Cal. Penal Code § 18 (effective through Sept. 30, 2011). Accordingly, under California law at the time Petitioner was convicted in or around 1990, the maximum sentence for a violation of California Health & Safety Code Section 11359 was three years. That Petitioner was sentenced to less than one year in prison for his California conviction is immaterial, because Title 21, United States Code, Section 802(44) refers to offenses "punishable" by more than one year imprisonment.

Even assuming that defense counsel failed to "fully investigate" whether the predicate offense listed in the Notice of Conviction filed by the government, there is no reasonable probability that such an investigation would have resulted in a shorter sentence for Petitioner.

  B. <u>Ground Two: "Relevant Case Law at Sentencing"</u>

Petitioner claims in Ground Two that Petitioner's counsel failed to argue relevant case law at sentencing, resulting in a longer sentence for Petitioner. *See* Petitioner's Mot. 6-7. Specifically, Petitioner claims that counsel should have argued *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), rather than *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Petitioner's Mot. 6-7. According to Petitioner, *Simmons* holds that "an offense qualifies as a 'felony drug offense' for the purposes of Section 841(b)(1) . . . only if the defendant could have received a sentence of more than one year in prison." Petitioner's Mot. 6. Petitioner claims that had his counsel argued this holding and shown the Court that Petitioner was sentenced to only

8

180 days for the offense in California, then the offense "could not" have been a predicate offense under Section 851. Petitioner's Mot. 6-7.

### i. *Petitioner has failed to meet the "performance prong"*

The Court should reject Petitioner's claim because counsel was not ineffective for arguing *Alleyne*, rather than *Simmons*. Petitioner's sentencing position argued that the failure of the jury to find beyond a reasonable doubt that Ramos's prior criminal record exposed him to an enhanced punishment prohibited the Court from imposing an enhanced sentence under Section 851 and cited to *Alleyne*. (Dkt. No. 153). At sentencing, defense counsel persisted in arguing that under *Alleyne*, if the government sought an enhanced penalty based on a prior drug felony, the government had "to prove the existence of the prior drug felony before the jury." (Sentencing Tr. 12:23-13:2 (Dkt. No. 164)). Defense counsel contended that the *Alleyne* decision states unequivocally that "any factor that has the ability to raise a mandatory minimum is a jury question." (Sentencing Tr. 14:24-15:1 (Dkt. No. 164)). The argument made by counsel pursuant to *Alleyne* was effective even though it was not successful in the district court or on appeal and even if it did not encompass every argument the Petitioner makes now. We note that the Court of Appeals held that Petitioner's reliance on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in claiming that the district court erred in failing to submit Ramos's prior felony drug offense to the jury was foreclosed by the holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Ramos*, 571 Fed. Appx. 177, 178 (4th Cir. 2014) (unpublished). Again, the Constitution requires reasonably effective assistance under the circumstances and not hypothetical perfection. *See White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992), *cert. denied*, 514 U.S. 1131 (1995).

Petitioner has failed to make a sufficient showing with respect to the first prong of *Strickland*, namely, that counsels' representation fell "below an objective standard of reasonableness." Petitioner's claim of ineffective assistance of counsel should therefore be rejected.

### ii. *Petitioner has failed to meet the "prejudice prong"*

Even if counsel was deficient in arguing *Alleyne* rather than *Simmons*, Petitioner suffered no prejudice because an argument under *Simmons* would have similarly failed. As explained above, under California law at the time, Petitioner was convicted of one count of felony Possession of Marijuana for Sale with a maximum sentence of three years. Accordingly, Petitioner was convicted of a felony drug offense. The decision in *Simmons* does not alter that calculation.

In *Simmons*, the Fourth Circuit considered whether a prior North Carolina conviction was punishable by more than one year in prison under "the unique statutory regime mandated by the North Carolina Structured Sentencing Act." 649 F.3d at 239-40. Under the Structured Sentencing Act, sentences are contingent on two factors established by statute: the class of offense and the offender's prior record level. N.C. Gen.Stat. § 15A-1340.13(b). The sentencing judge must match the class of offense and prior record level to a statutory table, which provides three possible sentencing ranges: a mitigated range, a presumptive range, and an aggravated range. *Id.* § 15A-1340.17(c).

Before *Simmons*, the Fourth Circuit determined whether a prior North Carolina conviction was punishable by a prison term exceeding one year by looking to "the maximum *aggravated* sentence that *could* be imposed for that crime upon a defendant with the worst possible criminal history." *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005) (second

emphasis added), *overruled by Simmons*, 649 F.3d 237.  However, the Supreme Court's decision in *Carachuri–Rosendo v. Holder*, 560 U.S. 563 (2010), which held that the dispositive question for determining whether a defendant had committed an aggravated felony was whether he was *actually convicted* of an offense punishable by more than one year in prison, caused the Fourth Circuit to reconsider the use of a hypothetical worst-case offender.

Applying this rationale in *Simmons*, the Fourth Circuit abandoned the use of a hypothetical defendant with the worst possible criminal history and held instead that a prior North Carolina conviction is punishable by a prison term exceeding one year only if the *particular defendant's* offense of conviction was punishable by a prison term exceeding one year.  *See Simmons*, 649 F.3d at 243.

Unlike the defendant in *Simmons*, Petitioner was previously convicted of an offense punishable by more than one year in prison as the maximum sentence for a violation of California Health & Safety Code Section 11359 was three years.  Unlike the North Carolina Structured Sentencing Act, the California statutory regime under which Petitioner was convicted did not require courts to contemplate a hypothetical defendant with the worst possible criminal history in order to determine that a prior conviction was punishable by a prison term exceeding one year.  Accordingly, the decision in *Simmons* has no bearing on the Court's determination that Petitioner's prior conviction was a felony drug offense.  In arguing that his prior conviction is not a felony drug offense after the Fourth Circuit's decision in *Simmons*, "[Petitioner] looks to the sentence that was actually imposed, rather than the sentence he faced; we have repeatedly rejected this approach, even after *Simmons*." *United States v. Sellers*, 806 F.3d 770, 775 (4th Cir. 2015).

Counsel was not ineffective for failing to argue *Simmons* at sentencing because there is no reasonable probability than such an argument would have resulted in a finding that Petitioner's prior conviction was not a felony drug offense or would have resulted in a shorter sentence for Petitioner. *See Tucker v. Catoe*, 221 F.3d 600, 614-15 (4th Cir. 2000) (counsel is not ineffective for failing to make an argument for which there is "no reasonable probability that [it] would have been successful.").

## II. An Evidentiary Hearing Is Unnecessary

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. When a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record and a credibility determination is necessary to resolve the issue, an evidentiary hearing in open court is required." *United States v. Moore*, 204 Fed. Appx. 250, 2006 WL 3069307 (4th Cir. 2006) (unpublished) (citing *United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000)).

"Evidentiary hearings on 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (quoting *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978)).

The record demonstrates that an evidentiary hearing in this case would be an unnecessary waste of judicial and litigation resources because the files and records conclusively show that the

prisoner is not entitled to relief. None of the alleged deficiencies attributed to defense counsel establish with reasonable probability that, but for counsel's alleged errors, the Petitioner would have received a shorter sentence of imprisonment. Even assuming the truth of all the facts alleged by the Petitioner, he would fail to establish ineffective assistance of counsel under the Sixth Amendment.

## CONCLUSION

No evidence or law supports Petitioner's attempt to repackage his dissatisfaction with the sentence he received as a claim of ineffective assistance of counsel. To the contrary, the record reflects that counsel made timely objections, both in the written sentencing position and orally at the sentencing hearing, to the Court imposing an enhanced mandatory minimum sentence based on the fact of Petitioner's prior conviction and otherwise provided effective legal assistance to the Petitioner. Petitioner would like a different outcome but simply is ineligible for the relief he seeks. Thus, the Court should summarily deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

Respectfully Submitted,

Dana J. Boente
United States Attorney

By:   /s/ Alexis Gregorian
Alexis Gregorian
Special Assistant United States Attorney

Gene Rossi
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| GILBERTO RAMOS,             ) | |
| ) | |
| Petitioner,                 ) | |
| )                            | Criminal No. 1:12-cr-224 |
| v.                          ) | Civil No.     1:15-cv-1556 |
| )                            | |
| UNITED STATES OF AMERICA,   ) | |
| )                            | The Honorable Gerald B. Lee |
| Respondent.                 ) | |

## ROSEBORO NOTICE

Pursuant to Local Rule 7(J), and in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner is advised that he has the right to file a response opposing the Respondent's opposition, filed on March 25, 2016, and that failure to respond may result in the dismissal of the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. Petitioner's response must identify all facts stated by the Respondent with which Petitioner disagrees and must set forth his version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a statement that it is filed under penalty of perjury). Petitioner may also file a legal brief in opposition to the response filed by the Respondent.

Unless the Court orders otherwise, Petitioner's response must be filed, and a copy provided to Respondent's counsel, within twenty-one (21) days of the date the Respondent's opposition was filed. The Respondent's opposition was on March 25, 2016.

        Respectfully Submitted,

        Dana J. Boente
        United States Attorney


By:  /s/ Alexis Gregorian
        Alexis Gregorian
        Special Assistant United States Attorney

        Gene Rossi
        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2016, I filed the foregoing with the Clerk of Court using the CM/ECF system. A copy of the foregoing response was sent by U.S. mail to:

Gilberto Ramos
#62894-112
FCI Lompoc
Federal Correctional Institution
3600 Guard Road
Lompoc, CA 93436

By: /s/ Alexis Gregorian
Alexis Gregorian
Special Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3835
Fax: (703) 299-3980
Alexis.D.Gregorian@usdoj.gov