IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| GILBERTO RAMOS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) Criminal No. 1:12-cr-224-GBL |
| UNITED STATES OF AMERICA, | ) Civil No.    1:15-cv-1556-GBL |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on *pro se* Petitioner Gilberto Ramos' ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody ("§ 2255 Motion"). (Doc. 177). Petitioner is challenging the judgment from this Court based on his conviction by jury for conspiracy to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841, 846. (Doc. 156). This case concerns Petitioner's claims that his sentence of 240 months should be either vacated or reduced to 120 months because (1) his trial counsel failed to properly investigate his past conviction and its use in a sentencing enhancement, and (2) counsel failed to appeal the issue that Petitioner believes was most likely to succeed. (Doc. 177).

The issue is before the Court is whether to grant Petitioner's § 2255 Motion where Petitioner alleges that defense counsel rendered ineffective assistance by: (1) failing to fully investigate 21 U.S.C. § 851 and the definition of the term "felony drug offense," and (2) failing to argue *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), at sentencing. (Doc. 177, at 4, 5). For the reasons that follow, the Court **DENIES** Petitioner's § 2255 Motion.

## I. BACKGROUND

On August 30, 2012, Petitioner Ramos was charged in a one-count superseding indictment with conspiracy to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841, 846. (Doc. 61). On September 19, 2012, the government filed a Notice of Prior Conviction pursuant to 21 U.S.C. § 851. (Doc. 72). The Notice informed Ramos that he faced enhanced punishment under 21 U.S.C. §§ 841 and 846 because he was previously found guilty in the Superior Court of California of Possession of Marijuana for Sale, a "felony drug offense." (*Id.*) On September 22, 2012, Ramos was arraigned on the superseding indictment, pleaded not guilty, waived his right under the Speedy Trial Act and demanded a jury trial. (Doc. 69). Ramos' trial began on March 11, 2013, and the jury returned a guilty verdict on March 13, 2013. (Doc. 125). Ramos was sentenced on September 13, 2013 to 240 months imprisonment and ten years of supervised release. (Doc. 155). Judgment for Ramos was entered on September 16, 2013, and he filed a timely notice of appeal on September 27, 2013. (Doc. 159).

On May 8, 2014, the Fourth Circuit affirmed Ramos' conviction and sentence in a per curiam decision, holding that the district court did not err by not submitting Ramos' prior felony drug offense to the jury or by applying a four-level enhancement for Ramos' leadership role in the drug conspiracy. *United States v. Ramos*, 571 F. App'x 177 (4th Cir. 2014). On December 15, 2014, the Supreme Court denied Ramos' petition for writ of certiorari. *Ramos v. United States*, 135 S. Ct. 882 (2014). On November 17, 2015, Ramos timely filed the instant *pro se* Motion to Vacate pursuant to § 2255. (Doc. 177). The government opposed the Motion on March 25, 2016, (Doc. 181), and Ramos filed his Reply on April 11, 2015 (Doc. 182).

## II. Standard of Review

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed the sentence, to vacate, set aside, or correct sentence upon grounds that (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (2008). The Petitioner bears the burden of proof and must establish by a preponderance of the evidence that he is entitled to the collateral relief sought. *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. Hawkins*, 2012 WL 3578924, at *1 (E.D. Va. Aug. 17, 2012).

Section 2255 provides a safeguard against complete miscarriages of justice by allowing for the correction of constitutional, jurisdictional, or other fundamental errors. *See United States v. Addonizo*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Hawkins*, 2012 WL 3578924, at *1. Section 2255 is not intended to be a substitute for an appeal; thus, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made," petitioner must make a showing of both "cause" and "actual prejudice resulting from the errors." *United States v. Frady*, 456 U.S. 152, 165–67 (1982). The *Frady* "cause and prejudice" standard also applies to "collateral challenges to unappealed guilty pleas." *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994).

An ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Dretke v. Haley*, 541 U.S. 386, 394 (2004) (stating that ineffective assistance of counsel claims, may be raised "as a ground for cause or as a

3

freestanding claim for relief—to safeguard against miscarriages of justice"); *see also United States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998); *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991).

## III. ANALYSIS

The Court denies Petitioner's § 2255 motion on the grounds of ineffective assistance of counsel because Petitioner has not met his burden by a preponderance of the evidence under the two-prong test set forth in *Strickland*.

### I. Petitioner's Argument That Counsel Failed to Fully Investigate 21 U.S.C. § 851 and the Definition of the Term "Felony Drug Offense," Does Not Satisfy the *Strickland* Test

The Court holds that Petitioner fails to meet either *Strickland* prong for his argument that counsel failed to fully investigate whether the predicate offense listed in the Notice of Conviction met the definition of "felony drug offense" provided in 21 U.S.C. § 804(22). (Doc. 177, at 4).

To prevail on a § 2255 Motion on the grounds of ineffective assistance of counsel, Petitioner must satisfy both prongs outlined in *Strickland*: (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Addressing the first prong, *Strickland* first requires the party seeking a new trial to show that the performance of counsel "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Once a party has demonstrated the "deficient performance" prong, *Strickland* then requires the defendant to show that his counsel's deficient performance prejudiced his ability to raise a defense. *Id.* at 687.

The court's "scrutiny of counsel's performance must be highly differential." *Id.* at 689. The court must endeavor to eliminate the distorting effects of hindsight. *Id.* Thus, the court must "evaluate the conduct from the counsel's perspective at the time" and "indulge in a strong

4

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 699. Even if the Court finds that counsel made unprofessional errors, Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The test "has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. [The court asks] only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992). In other words, the Constitution requires "reasonably effective assistance under the circumstances, and not hypothetical perfection." *Monroe v. United States*, No. 1:08CR43, 2013 WL 150327, at *2 (E.D. Va. Jan. 10, 2013) (quoting *White*, 972 F.2d at 1220).

Here, Petitioner fails to satisfy the first *Strickland* prong because he cannot demonstrate that counsel's representation was deficient and thus, fell below the objective standard of reasonableness. A review of the record clearly indicates that Petitioner's trial counsel effectively advocated on his client's behalf. In his written Sentencing Position, Petitioner's counsel objected to the categorization of Petitioner's prior drug conviction as a felony, stating, "[t]he PSR does not indicate whether defendant was represented by counsel and/or whether the offense constitutes a prior drug felony." (Doc. 153, at 2-3) (emphasis in original). Petitioner's counsel also objected orally at Petitioner's sentencing hearing to the Court imposing an enhanced mandatory minimum sentence based on a prior conviction under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (Doc. 163). These arguments, although not successful, are reasonable actions of a lawyer in Petitioner's counsel's circumstances. Thus, Petitioner fails to make a sufficient showing that his counsel's representation fell below the objective standard of reasonableness.

5

Petitioner additionally fails to satisfy the second *Strickland* prong because he has not demonstrated that counsel's alleged failure to "fully investigate" whether the predicate offense met the definition of "felony drug offense" under 21 U.S.C. § 802(44), actually prejudiced the outcome of his sentencing. Under 21 U.S.C. § 841(b)(1)(A), the mandatory minimum sentence increases from ten years to twenty years for defendants with a prior conviction for a "felony drug offense." In light of this, Petitioner argues that had his counsel fully investigated the definition of a "felony drug offense," his counsel would have realized Petitioner's prior offense was not a "felony drug offense" because Petitioner only served 180 days, and thus Petitioner would have received a sentence of 120 months rather than 240 months. (Doc. 177, at 4). However, 21 U.S.C. § 802(44) defines a "felony drug offense" as "an offense that is *punishable* by imprisonment for more than one year under any law of . . . a State . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (emphasis added). "The cornerstone of [a court's] predicate-felony analysis must be the defendant's offense of *conviction*." *United States v. Bercian-Flores*, 786 F.3d 309 (4th Cir. 2015).

Here, there is no reasonable probability that Petitioner's counsel's alleged failure prejudiced the outcome of Petitioner's sentencing because the predicate offense, used to calculate Petitioner's sentence, satisfied the definition of "felony drug offense" under 21 U.S.C. § 802(44). On or about August 24, 1990, Petitioner was found guilty of one count of felony Possession of Marijuana for Sale, in violation of California Health & Safety Code § 11359. (Doc. 72). For this offense, Petitioner was sentenced to 180 days of incarceration and a three-year term of felony probation. (*Id.*) Under California law at the time Petitioner was sentenced, the maximum sentence for a violation of California Health & Safety Code § 11359 was *three*

*years*. It is immaterial that Petitioner was *actually* sentenced to only 180 days because 21 U.S.C. § 802(44) refers to offenses "*punishable*" by more than one-year imprisonment. *See* Cal. Health & Safety Code § 11359. Thus, Petitioner's predicate offense qualifies as a "felony drug offense" even though Petitioner only spent 180 days in jail. Therefore, even assuming that Petitioner's counsel failed to fully investigate whether Petitioner's California conviction could be a predicate offense, there is no reasonable probability that such a failure prejudiced the outcome of Petitioner's sentencing.

In his Reply, Petitioner cites to a memorandum written by former United States Attorney General Eric Holder entitled "Retroactive Application of Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases." (Doc. 182, at 3). Specifically, Petitioner cites:

> With respect to defendants who have been convicted at trial following the filing of an information under 21 U.S.C. § 851, and have not been sentenced, prosecutors are encouraged to consider the guidelines stated in the Attorney General's memorandum, and where appropriate, move to withdraw an 851 information before sentencing.

(Doc. 182, at 3).

However, the portion of the memorandum to which Petitioner cites relates to defendants who have *not yet been sentenced*, and Petitioner was sentenced in 2013. (Doc. 155). In addition, Petitioner fails to cite the following paragraph, which states, "[p]rosecutors *should not disturb the sentence in a case in which the sentence has been imposed*, whether or not the case is on direct appeal or in some other stage of post-conviction litigation." (Doc. 182, Ex. 1) (emphasis added). The memorandum also emphasizes that "[a]pplication of the policy . . . is an exercise of prosecutorial discretion over charging decisions." *Id.* Thus, the memorandum does not apply to the facts of this case. Therefore, because Petitioner cannot show a reasonable probability that

counsel's alleged failure prejudiced the outcome of Petitioner's sentencing, Petitioner's argument that his counsel failed to fully investigate 21 U.S.C. § 851 and the definition of the term "felony drug offense," does not satisfy the *Strickland* test

### II. Petitioner's Argument That His Counsel Failed To Argue Relevant Case Law At Sentencing, Fails to Meet the *Strickland* Test

The Court holds that Petitioner also fails to meet the *Strickland* test for his argument that his counsel failed to argue relevant case law at sentencing, resulting in a longer sentence for Petitioner. Specifically, Petitioner argues that, at his sentencing, counsel should have argued *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), rather than *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (Doc. 177, at 5-6). Petitioner argues that the Fourth Circuit in *Simmons* held that an offense qualifies as a "felony drug offense" for the purposes of § 841(b)(1) only if the defendant could have received a sentence of more than one year in prison. (*Id.*, at 6). Petitioner claims that had his counsel argued under *Simmons* and shown the Court that Petitioner was sentenced to only 180 days for the California offense, the offense could not have been used as a "predicate crime," and the Court would have sentenced Petitioner to only 120 months. *Id.*

Petitioner's reasoning is flawed. In *Simmons*, the Fourth Circuit considered whether a prior North Carolina conviction was punishable by more than one year under the unique statutory regime mandated by the North Carolina Structured Sentencing Act. 649 F.3d at 239-40. Before *Simmons*, courts determined whether a North Carolina conviction was punishable by a prison term exceeding one year by looking at the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history. *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005) *overruled by Simmons*, 649 F.3d at 237. In 2010, the Supreme Court decided *Carachuri–Rosendo v. Holder*, 560 U.S. 563 (2010), which led the Fourth Circuit to reconsider that approach. In *Simmons,* the Fourth Circuit abandoned its use of a hypothetical

8

defendant with the worst possible criminal history and held instead that a prior *North Carolina* conviction is punishable by a prison term exceeding one year only if the *particular defendant's* offense of conviction was *punishable* by a prison term exceeding one year. *See United States v. Sellers*, 806 F.3d 770, 774 (4th Cir. 2015).

Even after the Fourth Circuit's decision in *Simmons*, it is still necessary for the court to look at the statutory maximum sentence to determine whether a state "felony drug offense" is punishable by more than one year. *Bercian-Flores*, 786 F.3d at 315. "[T]he cornerstone of our predicate-felony analysis is the maximum sentence permitted by the defendant's offense of conviction, not the sentence the defendant actually received." *United States v. Sellers*, 806 F.3d 770, 776 (4th Cir. 2015) (citing *Bercian–Flores*, 786 F.3d at 315-16). In addition, after *Simmons*, the Fourth Circuit has repeatedly rejected the approach of looking at the sentence actually imposed rather than the one a defendant faced. *Sellers*, 806 F.3d at 775 (citing *Bercian–Flores*, 786 F.3d at 310; *United States v. Valdovinos*, 760 F.3d 322, 324–25 (4th Cir. 2014); and *United States v. Kerr*, 737 F.3d 33, 38 (4th Cir. 2013)). "The salient question to be asked after *Simmons* is whether the sentencing judge *could* sentence a particular defendant" to a qualifying term of imprisonment." *Sellers*, 806 F.3d at 776 (citing *Bercian–Flores*, 786 F.3d at 310); *see, e.g., Valdovinos*, 760 F.3d at 322; *Kerr*, 737 F.3d 33)).

Here, Petitioner was facing a statutory maximum of three years imprisonment. *See* Cal. Health & Safety Code § 11359. It is this statutory maximum sentence set by Congress that is determinative of whether Petitioner's prior conviction could have constituted a predicate felony. *Bercian-Flores*, 786 F.3d at 315. Thus, because Petitioner *could* have been sentenced to three years imprisonment for the California offense, the offense is properly counted as a "felony drug offense." Therefore, counsel's failure to argue *Simmons* rather than *Alleyne* did not prejudice the

Petitioner at sentencing because there is no reasonable probability that such an argument under *Simmons* would have resulted in a finding that Petitioner's prior offence was not a felony drug offense or would have resulted in a shorter sentence.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Petitioner's allegations in support of his § 2255 Motion fail to meet the *Strickland* test.

A hearing on a motion to vacate, set aside, or correct a sentence filed under 28 U.S.C. § 2255 by a prisoner in custody is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255 (2006). The Court holds that an evidentiary hearing on Petitioner's § 2255 Motion is not required. Accordingly, it is hereby

**ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody (Doc. 177) is **DENIED**.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253 and **Fed. R. App. P.** 22(b). For reasons stated in this Memorandum Opinion, this Court expressly declines to issue such a certificate.

**IT IS SO ORDERED.**

ENTERED this 20th day of May, 2016.

Alexandria, Virginia
5/20/16

/s/
Gerald Bruce Lee
United States District Judge